IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| POSEIDON RESOURCES LLC | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| PROGITEC MTP S.R.L., | ) |
| EQUIPNET, INC., | ) |
| TUVIA ITALIA S.P.A., and | ) |
| MSC MEDITERRANEAN SHIPPING | ) |
| COMPANY S.A., | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Poseidon Resources LLC ("Poseidon" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Progitec MTP S.R.L. ("Progitec"), EquipNet, Inc. ("EquipNet"), Tuvia Italia S.p.A. ("Tuvia"), MSC Mediterranean Shipping Company S.A. ("MSC"), alleges as follows:

## PARTIES

1. Plaintiff Poseidon Resources LLC is a limited liability company organized and existing under the laws of Missouri, with its principal place of business in Kansas City, Missouri.

2. Upon information and belief, Defendant Progitec MTP S.R.L. is an Italian corporation with its principal place of business in Sabaudia, Italy.

3. Upon information and belief, Defendant EquipNet, Inc. is a corporation with its principal place of business and corporate Headquarters in Massachusetts does business in Missouri but is not

registered with the Missouri Secretary of State's Office. Defendant EquipNet, Inc. can be served at their corporate headquarters located at 5 Dan Road, Canton, MA, 02021.

4. Upon information and belief, Defendant Tuvia Italia S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

5. Upon information and belief, Defendant Mediterranean Shipping Company is the United States agent of Mediterranean Shipping Company S.A., a Swiss corporation with its principal place of business in Geneva, Switzerland. Defendant Mediterranean Shipping Company can be served at 420 5th Avenue, New York, NY 10018.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states and/or foreign states.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the property that is the subject of the action was delivered and damaged in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff purchased a used Filler/Capper machine (Model F573, Serial #573033) from Progitec, acting through EquipNet as agent, for delivery to Kansas City, Missouri.

9. The sale was completed through Tuvia, who also secured insurance coverage for the shipment.

10. Plaintiff paid $97,869.68 for the machine, as well as additional thousands of dollars in various shipping costs split among the other Defendants.

11. The machine was loaded into container MSMU5785870 and shipped under Bill of Lading No. MEDUGK220424.

12. Upon delivery in Kansas City on or about July 28, 2025, the shipping case containing the machine was found to be damaged. Evidence indicated the machinery tipped during transit and fell through the case's base.

13. The Bill of Lading was clearly marked "Damaged – Waiting for Disposition."

14. Due to safety concerns regarding the unstable machine, Plaintiff was unable to safely unload the container. Further movement risked exacerbating the damage to the sensitive equipment.

15. Plaintiff promptly notified all parties of the damage and requested that the container and trailer be collected and transferred to a local warehouse for safe unloading and inspection.

16. Tuvia arranged for the machinery to be unloaded and stored at a third-party warehouse, where it remains.

17. On September 4, 2025, surveyors representing the insurer, Generali Italia S.p.A., inspected the machinery, accompanied by Plaintiff's representative. The damage was reported as extensive.

18. Despite repeated requests, Plaintiff has not received a copy of the surveyor's report from the underwriters.

19. Repairing the specialized machinery requires the manufacturer, IMA, to perform an evaluation, for which IMA quoted $23,100 USD. The likely cost of repair exceeds the insured value.

20. Plaintiff has incurred and continues to incur substantial losses, including but not limited to: (a) the purchase price of the machine, (b) shipping and insurance costs, (c) storage and handling fees, and (d) lost profits and business opportunities due to the inability to use the machine in its business.

21. Plaintiff has repeatedly demanded a refund and/or insurance settlement for the damaged machine, but Defendants have failed and refused to provide compensation or a remedy.

22. Plaintiff has performed all conditions precedent, or such conditions have been waived or excused.

### COUNT I – BREACH OF CONTRACT (Against Progitec, EquipNet, and Tuvia)

23. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

24. Defendants entered into a contract with Plaintiff for the sale and delivery of the Filler/Capper machine in good and merchantable condition.

25. Defendants breached the contract by delivering the machine in a damaged and unusable condition, failing to provide a refund or replacement, and failing to facilitate a timely and adequate insurance settlement.

26. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to the purchase price, shipping and insurance costs, storage and handling fees, and lost profits.

### COUNT II – BREACH OF WARRANTY (Against Progitec, EquipNet, and Tuvia)

27. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

28. Defendants expressly and/or impliedly warranted that the machine would be delivered in good and merchantable condition, fit for its intended purpose.

29. The machine was delivered in a damaged and unfit condition, in breach of these warranties.

30. As a direct and proximate result, Plaintiff has suffered damages as set forth above.

### COUNT III – NEGLIGENCE (Against All Defendants)

31. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32. Defendants owed Plaintiff a duty to exercise reasonable care in the packaging, handling, shipping, and delivery of the machine.

33. Defendants breached this duty by failing to ensure the machine was properly packaged, handled, shipped, and delivered, and by failing to timely address the damage and mitigate Plaintiff's losses.

34. As a direct and proximate result, Plaintiff has suffered damages as set forth above.

## COUNT IV – CONVERSION (Against All Defendants)

35. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

36. Defendants have wrongfully exercised dominion and control over Plaintiff's property by refusing to return the purchase price or deliver a conforming machine, and by retaining possession of the machine and insurance proceeds.

37. As a direct and proximate result, Plaintiff has suffered damages as set forth above.

## COUNT V – BREACH OF INSURANCE CONTRACT (Against Tuvia and MSC)

38. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

39. Tuvia and/or MSC procured insurance coverage for the shipment, naming Plaintiff as the intended beneficiary.

40. Plaintiff has made a claim for the loss, but Defendants have failed and refused to pay the insurance proceeds or otherwise compensate Plaintiff.

41. As a direct and proximate result, Plaintiff has suffered damages as set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Poseidon Resources LLC respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. For actual, consequential, and incidental damages in an amount to be proven at trial;

5

Case 4:26-cv-00056-JAM     Document 1     Filed 01/21/26     Page 5 of 6

B. For pre- and post-judgment interest as allowed by law;

C. For costs and attorneys' fees as allowed by law;

D. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jake Miller*
Jake Miller, MO #72292
Conner Mitchell, MO #76708
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
jake@grissommiller.com
cam@grissommiller.com

*Attorneys for Plaintiff*

## **CERTIFICATION UNDER RULE 55.03(A)**

Pursuant to Rule 55.03(a), Jake Miller certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

*/s/ Jake Miller*

6

Case 4:26-cv-00056-JAM    Document 1    Filed 01/21/26    Page 6 of 6